UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-254 (ECT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL PATRICK BUSHEY,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)**

The United States of America and Michael Patrick Bushey (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. Defendant agrees to plead guilty to Count 2 of the Indictment, which charges Defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1). At the time of sentencing, the Government agrees to move to dismiss the remaining counts of the Indictment.

2.    **Factual Basis**. The parties agree on the following factual basis for the plea:

    a.   <u>Count 2</u>: On or about September 20, 2015, in the State and District of Minnesota, Defendant did knowingly distribute one or more matters which contained visual depictions that had been shipped and transported in interstate commerce, by computer, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such depictions were of such conduct. Specifically, Defendant distributed via email an image as described in Count 2 of the Indictment, an image file named "falkoimage017.jpg," depicting a nude girl on her hands and knees, with her buttocks towards the camera. The

image further depicts a nude, adult male kneeling near the girl, holding his penis against her genitals.

Defendant was previously convicted under the laws of the State of Minnesota relating to the possession of child pornography, namely, a conviction on or about June 6, 2013, in St. Louis County, Minnesota, for Possession of Pornographic Work Involving a Minor. Defendant agrees that he was also sentenced for two separate offenses on the same date for production of child pornography, which occurred on more than one occasion and involved two known minors.

b. <u>Relevant Conduct</u>: Defendant agrees that more than 3,900 images and at least 16 videos depicting children engaged in sexually explicit conduct, including images of prepubescent minors under the age of 12, were discovered in the cell phone and accounts he possessed. Defendant agrees that at least one video he possessed depicts an adult male vaginally penetrating a girl who appears to be under the age of eight years old with his penis. Defendant also agrees that he knowingly distributed child pornography to and received child pornography from other individuals who he met online through an image-sharing website called IMGSRC.RU.

3. **<u>Waiver of Pretrial Motions</u>**. Defendant understands and agrees that Defendant has certain rights to file pre-trial motions in this case and has filed some pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **<u>Waiver of Constitutional Trial Rights.</u>** Defendant understands that he has the right to go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse

witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge Defendant guilty without a trial.

5. **Additional Consequences**. Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. Defendant understands that Count 2 of the Indictment is a felony offense that carries the following statutory penalties:

    a. a maximum term of 40 years in prison;

    b. a mandatory minimum term of 15 years in prison;

    c. a supervised release term of at least 5 years up to a maximum supervised release term of life;

    d. a criminal fine of up to $250,000;

    e. $5,000 to the Domestic Trafficking Victims' Fund;

    f. a mandatory special assessment of $100, which is payable to the Clerk of Court before sentencing; and

  g.  payment of mandatory restitution in an amount to be determined by the Court.

 7. **Revocation of Supervised Release**. Defendant understands that if he were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

 8. **Guideline Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

  a. Base Offense Level. The parties agree that the base offense level for distribution of child pornography is **22**. (U.S.S.G. § 2G2.2(a)(2)).

  b. Specific Offense Characteristics. The parties agree that the offense level should be increased by **2 levels** because the material involved prepubescent minors and minors who had not attained the age of 12 years (U.S.S.G. § 2G2.2(b)(2)); **4 levels** because the offense involved depictions of violence (U.S.S.G. § 2G2.2(b)(4)); **5 levels** because Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor (U.S.S.G. § 2G2.2(b)(5)); **2 levels** because the offense involved the use of a computer (U.S.S.G. § 2G2.2(b)(6)); and **5 levels** because the offense involved at least 600 images (U.S.S.G. § 2G2.2(b)(7)). The Government believes the offense level should be increased by an additional **5 levels** because the offense involved distribution in exchange for valuable consideration (U.S.S.G. § 2G2.2(b)(3)(B)). Defendant disagrees and believes the offense level should be increased by only an additional **2 levels** because the offense

4

      involved distribution (U.S.S.G. § 2G2.2(b)(3)(F)). The parties agree that no other specific offense characteristics apply.

c. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant cooperates with the Probation Office in the pre-sentence investigation, including disclosure of truthful and accurate financial information to the Probation Office, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §§ 3E1.1(a) and (b)). The parties agree that no other Chapter 3 adjustments apply. If Defendant receives the 3-level adjustment, his final adjusted offense level will be **42** or **39**.

d. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Defendant's criminal history category is **V** or **VI**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

e. <u>Guideline Range</u>. If the adjusted offense level is **42** or **39**, and the criminal history category is **V** or **VI**, the Sentencing Guidelines range is 360 to 480 months' imprisonment. (U.S.S.G. § 5G1.1(c)(1)).

f. <u>Fine Range</u>. If the adjusted offense level is **42** or **39**, the fine range is $50,000 to $500,000, which is adjusted to $250,000 by way of statute.

g. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years and up to life if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the

5

Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. If the Court or the Probation Office determines that the applicable guideline calculations or Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement.

10. **Stipulated Term of Imprisonment and Supervised Release**. Based on the facts and circumstances in this case, the United States and Defendant agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the appropriate disposition of this case is as follows:

   a. a sentence of imprisonment between 216 and 240 months' imprisonment, less 33 months, which is the period of imprisonment defendant has already served for the probation violations on the following cases: *State of Minnesota v. Michael Bushey*, 69HI-CR-12-961, *State of Minnesota v. Michael Bushey*, 69DU-CR-13-918, *State of Minnesota v. Michael Bushey*, 69HI-CR-13-333, *State of Minnesota v. Michael Bushey*, 69HI-CR-13-332; and

   b. a twenty-year term of supervised release.

The parties agree that if this plea agreement is accepted by the Court, the agreed disposition set forth in paragraphs 10a and 10b will be binding on the Court. At Defendant's request, the parties agree to advocate for a sentence of imprisonment of between 216 and 240 months, less 33 months' imprisonment, and a twenty-year term of supervised release. The

agreed sentence is based on the parties' consideration of the unique facts of this case and the sentencing factors set forth in 18 U.S.C. § 3553(a).

The parties acknowledge and agree that this stipulation under Rule 11(c)(1)(C) is limited to the issues set forth in paragraphs 10a and 10b, and that this stipulation has no effect on the Court's authority and discretion to impose a fine, restitution, or any and all other applicable penalties and conditions as the result of Defendant's conviction on Count 2 of the Indictment. If the Court declines to accept this plea agreement and the agreed sentencing disposition set out in paragraphs 10a and 10b, either party may withdraw from the agreement

11.  **Special Assessment**.  The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. (U.S.S.G. § 5E1.3). The $100 special assessment becomes due and payable at the time of sentencing.

12.  **Restitution**.  Defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crime. There is no agreement as to the amount of restitution; however, Defendant understands and agrees the Court may order Defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction.

13.  **Disclosure of Assets.**  Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant

has any right, title, or interest, or over which Defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by Defendant. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning Defendant's assets and expressly authorizes the United States to obtain a credit report on Defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, Defendant agrees to submit to one or more asset interviews or depositions under oath

14. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from Counts 1 and 4; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of Counts 1 and 4 or any property traceable to such property.

Defendant agrees that the property subject to forfeiture includes but is not limited to an LG Model LGL34C cellular telephone, serial number 503CYAS2498216.

Defendant agrees that these items are subject to forfeiture because they were used to commit Count 2 of the Indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. Defendant waives the right to the return of any digital data contained on any electronic devices that are subject to forfeiture.

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. Defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent Defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

15. **<u>Waivers of Appeal and Collateral Attack.</u>** Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver is effective so long as the sentence is consistent with Paragraph 10 herein and includes, but is not limited to, Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which Defendant is pleading guilty. Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

16. **Sex Offender Registration.** Defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

17. **FOIA Requests**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant.

Date: 06/14/2021

W. ANDERS FOLK
Acting United States Attorney

BY: MANDA M. SERTICH
Assistant U.S. Attorney
Attorney ID No. 4389039

Date: 6/14/2021

MICHAEL PATRICK BUSHEY
Defendant

Date:  6/14/2021

_____
JORDAN KUSHNER, ESQ.
Counsel for Defendant